**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
GENERAL CABLE CORPORATION,     )
     )
     Plaintiff,     )     C.A. No.:
     )
     v.     )
     )
SCOTTSDALE INDEMNITY COMPANY     )     Jury Trial Demanded
     )
     )
     Defendant.     )
-----------------------------------------------------------------x

**NOTICE OF REMOVAL**

Defendant, Scottsdale Indemnity Company ("Scottsdale")[1], pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby gives notice of its removal of this action from the Superior Court of the State of Delaware to this Court.  In support of its Notice of Removal, Scottsdale states as follows:

**THE STATE COURT ACTION**

1.     On or about May 10, 2024, General Cable Corporation ("General Cable") commenced an action by filing a complaint against Scottsdale in the Superior Court of the State of Delaware, bearing Index No. N24C-05-105 VLM CCLD (the "State Court Action").[2] Pursuant to 18 Del. C. §525(b), service on Scottsdale was complete on June 13, 2024, three days after June 10, 2024, the date that the Insurance Commissioner of the State of Delaware mailed the Complaint and annexed Exhibits of the State Court Action via certified mail to Scottsdale.

---

[1] Scottsdale is an affiliated company of Nationwide Mutual Insurance Company.
[2] The State Court Action is pending in this judicial district.

Copies of the Summons,  Complaint, and Exhibits are attached to this Notice of Removal as Exhibit A.

## THE PARTIES

2.      Plaintiff General Cable is, and at the time of commencement of this action was, a corporation organized under the laws of Delaware with its principal place of business in Highland Heights, Kentucky.

3.      Scottsdale is, and at the commencement of this action was, a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

## THE NATURE OF THE DISPUTE

4.      Scottsdale issued to General Cable two excess insurance policies for consecutive policy periods (2011-2012 and 2012-2016) claims-made Directors and Officers Liability Policy (the "D&O Policy").

5.      On or around October of 2012, General Cable provided notice of circumstance to the primary insurer, Travelers Casualty and Surety Company of America (hereinafter "Travelers"), regarding circumstances concerning its past inventory valuation of its subsidiary that affected its actual inventory book value, the inventory valuation reflected in its inventory management systems and financial accounting records. See Complaint ¶¶ 23-24.[3] On October 17, 2013, the SEC sent a subpoena to General Cable to investigate, and General Cable paid a $6.5 million fine without admitting or denying the SEC's findings. See Complaint ¶¶ 26, 51.

6.      Subsequently, General cable faced multiple securities related litigations: (i) *Satish Doshi v. General Cable Corporation, et al.*, Case No. 1:17-cv-00092 (S.D.N.Y.)(the "Doshi I"); and (ii) *City of Livonia Employees' Retirement System v. General Cable Corporation, Gregory B. Kenny, and Brian J. Robinson* Case No. 1:13-cv-08634 (S.D.N.Y.) (both cases were

---

[3] For the purposes of this motion, Scottsdale assumes the truth of the allegations in the Complaint .

ultimately consolidated and transferred to the Eastern District of Kentucky; as well as two derivative lawsuits captioned (i) *Kenneth McPherson v. Gregory B. Kenny et al.*, Case No. 14-CI- 011, filed in the Circuit Court of Kentucky, Division I; and (ii) *David G. Kelly v. Gregory B. Kenny et al.*, Case No. 14-CI-060, also filed in the Circuit Court of Kentucky, Division No. I. The Accounting Actions were each dismissed and General Cable did not make any settlement payments in connection with these Actions. However, General Cable purports to have spent approximate $10.5 million dollars in defense expenses related to these lawsuits. See Complaint ¶¶ 30-31, 62.

7.    On January 24, 2017, the SEC brought an enforcement action styled *SEC v. Mathias Francisco Sandoval et al.*, Case No. 17-cv-20301 (S.D. Fla.), against former General Cable executives (hereinafter referred to as "Sandoval" and "Cidre") alleging *inter alia* that they fraudulently concealed inventory accounting errors in Brazil from General Cable's executive management (the "Sandoval Action"). See Complaint ¶¶ 34-35, 56.

8.    The Sandoval Action concluded on February 20, 2019, with the entry of final judgments on consent against both Sandoval and Cidre.  Sandoval and Cidre agreed to settle the charges against them without admitting or denying the allegations and made a payment of a civil penalty of $150,000 and $40,000, respectively. See Complaint, Exhibit P (SEC Press Release).

9.    Then, in September 2012, following an internal audit, General Cable determined that certain foreign subsidiaries potentially engaged in conduct that exposed it to liability under the FCPA, and subsequently reported it to the SEC and DOJ. From August 2014 to July 2015, the SEC issued multiple subpoenas to the General Cable and individual executive employees. General Cable settled the SEC and DOJ investigations into FCPA violations for over $75 million. See Complaint ¶ 51.

10.     Two lawsuits arose from the FCPA investigation, which were consolidated and transferred to the Eastern District of Kentucky, styled under the caption *In re General Cable Corporation Securities Litigation*, Case No. 17-CV-00025 (E.D. Ky.) ("Doshi II"). This case was dismissed, not appealed, and therefore final. General Cable alleges to have paid more than $31 million in losses related to the FCPA investigation and more than $800,000 in defense expenses. See Complaint ¶ 70.

11.     General Cable alleges a coverage dispute between the primary insurer (Travelers) and the first excess insurer (Old Republic Insurance Company, hereinafter "Old Republic"), neither of which is named in the State Court Action. See The Complaint ¶ 74. Mediation was scheduled to occur between General Cable, Travelers, and Old Republic, in March of 2020. Upon information and belief, this mediation never occurred.

12.     Now, the Complaint in the State Court Action seeks a declaration that General Cable is (1) entitled to coverage for settlement payments and defense costs and expenses under the Policies issued by Scottsdale; (2) that Scottsdale has anticipatorily breached the Policies by failing to provide coverage. See Complaint ¶¶ 81-97. General Cable does not allege which of Scottsdale's two Policies were allegedly anticipatorily breached.

**STATUTORY REQUIREMENTS FOR REMOVAL**

13.     By this Notice, Scottsdale has removed the State Court Action to this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, and asserts that federal subject matter jurisdiction is proper under diversity jurisdiction.  Removal based on federal diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the citizenship of the parties be completely diverse.  28 U.S.C. §1332(a)(1).

<u>Amount in Controversy.</u>

14.     In the Underlying Action, General Cable alleges, *inter alia*, that it is entitled to "reimbursement of all Losses, as that term is defined under the Nationwide Policies, in responding and defending against the FCPA Matters" and also the "Accounting Matters." See Complaint ¶¶ 88-89. According to General Cable's allegations contained in The Complaint and restated herein under "The Nature of the Dispute" the amount in controversy is approximately $40 million.  Thus, the amount in controversy exceeds $75,000, exclusive of interest or costs.

<u>Diversity of Citizenship.</u>

15.     There is complete diversity of citizenship between General Cable on the one hand and Scottsdale on the other hand and such complete diversity existed at the time the State Court Action commenced.

<u>Timeliness of Removal.</u>

16.     This Notice of Removal is filed within thirty days of June 10, 2024, three days following service by certified mail of the copy of the Summons and Complaint by the Insurance Commissioner of the State of Delaware pursuant to 18 Del. C. §525(b).

<u>Attachment of Documents.</u>

17.     Scottsdale has attached all process, pleadings, and orders served on it in the State Court Action, as required by 28 U.S.C. §1446(a).  See Exhibit A.

<u>Venue</u>

18.     Removal to this Court is proper because the State Court Action was filed in this Court's district. See 28 U.S.C. §1441(a).

Written Notice to Plaintiff

19.    Written notice of the filing of this Notice of Removal will be given promptly by Scottsdale to counsel for General Cable as specified in the attached Certificate of Service, as required by 28 U.S.C. §1446(d).

Filing Notice in State Court

20.    A copy of this Notice of Removal will be filed promptly by Scottsdale in the Superior Court of the State of Delaware, in accordance with 28 U.S.C. §1446(d).

Dated:  July 9, 2024                              Respectfully submitted,

                                                SMITH, KATZENSTEIN & JENKINS LLP


OF COUNSEL:                          */s/ Robert J. Katzenstein*
Edward C. Carleton                   Robert J. Katzenstein (DE Bar ID 378)
Amber W. Locklear                    Julie M. O'Dell (DE Bar ID 6191)
Karl J. Fisher                       1000 West Street, Suite 1501, PO Box 410
SKARZYNSKI MARICK & BLACK LLP        Wilmington, DE 19899
One Battery Park Plaza, Fl. 32       (302) 652-8400
New York, New York 10004
(212) 820-7700